LAWRENCE COUNTY TO THE USE OF SCHOOL TOWNSHIP No. 10, TOWNSHIP 27, RANGE 26, Appellant, *v.* JOHN C. DUNKLE, Respondent.

1. *Limitations—Payments.*—Payments of interest by the principal in a bond within ten years before suit brought, prevent the operation of the statute of limitations as to the surety in the bond.
2. *Evidence—Limitations.*—The endorsement by the clerk of the county court of payments of interest upon a bond given for the loan of school moneys, are official entries, and competent evidence of such payments. (R. C. 1855, p. 1425, § 26.)

*Appeal from Lawrence Circuit Court.*

*T. A. Sherwood,* for appellant.

The endorsements on the bond, purporting to be credits entered by the clerk for payments made thereon from time to time, during a term of years, and purporting to have been made before the demand became stale and before the time limited by the statute had expired, were competent evidence

to take the case out of the statute, and should not have been rejected by the court. (1 Greenl. Ev. § 121; Ang. Lim. § 242; 39 Eng. L. & Eq. 62; Briggs v. Wilson, Chit. Contr. 858, 860; Anderson v. Weston, 6 Bing., N. C., 296; Hunt v. Massey, 5 B. & Ad. 902; Sinclair v. Baggaley, 4 Mees. & W. 312; Baker v. Milheen, 2 id. 853; Smith v. Battens, 1 M. & Rob. 341; R. C. 1855, p. 1053, § 14; Craig v. Callaway County Court, 12 Mo. 94; McElroy v. Caldwell, 7 Mo. 587; 1 Greenl. Ev. § 174.)

It is the presumption of law that a public officer performs the duties of his office. In the case of School bonds, the law (R. C. 1855, p. 1424–5, §§ 25, 26) makes it the duty of the treasurer of the county, when any principal or interest is paid, to give a receipt therefor to the person so paying; and the duty of the clerk of the county count on presentation of such receipt, to credit the payment on the bond (just as the credits in this instance purport to have been made). And in the absence of opposing circumstances (and there were none in this case) it will be presumed that the county clerk did his duty. (1 Greenl. Ev. §§ 40, 227.)

Again; if the credits were entered on the bond when no payment was actually made, such entry is fraudulent. But fraud is never to be presumed. (Greenl. Ev. § 254; Sinclair v. Baggaley, 4 Mees. & W. 312; Caldwell v. Gamble, 4 Watts, 292.)

*Ewing & Muir*, for respondent.

The endorsements, purporting to have been made on the bond by the clerk, were properly excluded. An endorsement on a bond or note made by the obligee or promissee, without the privity of the obligor or promissor, is not admissible evidence of a payment in favor of the party making the endorsement, so as to repel the presumption of payment arising from the lapse of years, or to take the case out of the statute, unless it be first shown that it was made at the time of its date, or when its operation would be against the interest of the party making it; and then, on such proof being

Lawrence County to use, &c., v. Dunkle.

given, it is good evidence for the consideration of the jury. (Roseboom v. Billington, 17 Johns. 184–5 ; Whitney v. Bigelow, 4 Pick. 110 ; McGhee v. Green, 6 Port. 537 ; Watson v. Dale, 1 Port. 250; Skelton v. Skelton, and the cases of South Carolina; Gibson v. Peebles, 2 McCurd, 418 ; Conklin v. Pearson, 1 Rich., S. C., 392 ; Cramer Estate, 4 Watts & Serg. 331 ; Davidson v. Harrison et al., 4 George, Miss., 41; 10 Ind. 368 ; 14 Ark. 159 ; Alston v. State Bank, 4 Eng., Ark., 460.)

The fact that the endorsements purport to have been made by the clerk of the county court, cannot affect or vary the application of the rule. The county is the plaintiff, and the clerk is but the agent of the county in this behalf. (Alston v. The State Bank, 4 Eng., Ark., 460.)

In that case the endorsement was made by the financial receiver of the Branch Bank of Fayetteville, and it was proved that the endorsement was in the handwriting of the financial receiver.

BATES, Judge, delivered the opinion of the court.

In the year 1863, proceedings were instituted by Lawrence County to recover of the defendants for the use of township 27, in range 26, moneys belonging to the school fund of that township. Their bond for the money was dated on 6th day of February, 1850, and payable at twelve months. They set up the statute of limitations as a defence, and the plaintiff offered in evidence endorsements on the note, made by the clerk of the county court, of payments of interest, to take the case out of the statute. The court rejected this testimony, and also refused several instructions asked by the plaintiff as to the effect of these payments, endorsed on the note ; thus, in short, denying to them any effect.

The statute law in reference to loans of school money, requires that when any money is paid on such loans (of principal or interest) the county treasurer shall give the person making the payment duplicate receipts therefor, one of which shall be delivered to the clerk of the county court, who shall

credit the payment on the bond and mortgage, &c. (R. C. p. 1425, § 26.) The entries made on the bonds are therefore of an official character, and are legitimate evidence of the payments made, which payments take the case out of the statute of limitations.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.