JOHN A. HARRISON, ADMINISTRATOR OF C. G. MAURO, Respondent, *v.* SUSAN P. HALL ET AL., ADMINISTRATORS OF J. C. HALL, Appellants.

### December 23, 1879.

An account, the items of which are all charged upon one side, is not a mutual account. The last item of such an account does not draw to it precedent items so as to take them out of the Statute of Limitations, and there is no presumption that all the items thereof constitute one single demand.

Appeal from the St. Louis Circuit Court.

*Affirmed.*

J. D. Johnson, for the appellant: The account here in question is a mutual running-account; and the last item not being barred, the whole account is saved from the operation of the. statute. — *Penn* v. *Watson,* 20 Mo. 13; *Ring* v. *Jamison,* 2 Mo. App. 588; *s. c.* 66 Mo. 428; *Finney* v. *Brandt,* 19 Mo. 45.

C. M. Stephens, for the respondent: There was here no mutual or alternate course of dealing, and the account was not " mutual " within the meaning of the statute. — Ang. on Lim. 136–138. There is no presumption that the items of this account constituted one demand.— *Hale.* v. *Ard,* 48 Pa. St. 24.

Hayden J., delivered the opinion of the court.

This is a suit to recover for legal services rendered by the plaintiff's intestate to the defendants' intestate, in December, 1868, and later. The case was referred, and the referee found for the plaintiff. The only dispute is in regard to an item set up as a counter-claim by the defendants. The defendants contend that the referee, and the court below which confirmed the report, erred in refusing to allow $330, money which was retained by Mauro, the attorney, under the following circumstances: It appears that more than five years before this suit was brought, the defendants' intestate, Hall, employed Mauro to prosecute a demand against one Porter; that in February, 1868, Mauro compromised a judgment obtained in the matter for $680, and retained out of the sum $380, paying the rest to Hall. The defendant, assuming that $50 was a proper fee, sets up a counter-claim of $330, to which the plaintiff pleads the Statute of Limitations. On the defendants' part it is contended that the dealings between the parties constituted a " mutual, open, and current account," and that accordingly the limitation runs, not from the date when the money was

retained, but, under the sections of the statute in regard to such accounts, "from the time of the last item in the account on the adverse side." Wag. Stats. 918, sect. 13.

If proper distinctions are made, it would seem that there is not necessarily any antagonism between the decisions in this State on the subject of the bar of the statute as applied to open, running accounts and the current of authority in other States. In the anxiety to provide that merchants' mutual accounts should preserve their continuity as demands, or causes of action, early statutes, similar to the section just cited, but expressed in less general terms, were passed in many of the States; but it may be doubted whether they were necessary, except from abundant caution. In their language they relate only, as the above section does, to mutual accounts, and the great body of decisions hold that no accounts are within this provision unless each party makes charges against the other. It is not easy to see how that can be held, to quote the words of the above section, "a balance due on a mutual, open, and current account, where there have been reciprocal demands between the parties," where, in fact, there is no balance, no mutuality, and where there are no reciprocal demands. Thus, if A. furnishes goods to B. on open account, extending through many years, but B. furnishes nothing to A., certainly the account is not a mutual account; yet it is clear that if, at the outset, A. and B. have agreed that these goods shall all be furnished and paid for under one contract, the mere fact that all the goods are not needed, and so are not delivered at the same date, does not prevent the transaction, though extending over a long period, from being one transaction. In calculating the time from which the Statute of Limitations should run in such a case, regard must of course be paid to the time when the right of action accrues. But, under the agreement put, the cause of action would not accrue until all the goods were delivered. The seller would have no right to split his demand

in such a case, or, on the basis that the other goods would be forthcoming, to sue on an uncompleted contract. *Stifel* v. *Lynch*, 7 Mo. App. 326. So, if there may be an express agreement of this kind, there may be an implied one ; and it will be for the jury to say, under proper instructions, whether there was an open, running account between the parties. If such account exists, the latest items will not by virtue of the statute, which has no application where the charges are all on one side, but by virtue of the contract, draw with them, as the phrase is, all the prior items of the account. It is upon this principle, not upon any peculiarity in the mechanics' lien law, or the Boat and Vessel Act, that the, so to speak, one-sided accounts of material-men and others have, under the decisions of this State, been held continuous demands, and the limitation to run only from the last item. See cases cited in *Ring* v. *Jamison*, 2 Mo. App. 584 ; *s. c.* 66 Mo. 428. The same rule prevails under the admiralty law where there is no statute, and where — though the rule is strict as to stale claims, the later lien being preferred to the earlier — the last item in a running account draws to it supplies which have been furnished perhaps years before.

But, in the absence of evidence, there is no presumption that all the items of an account constitute one demand. This must be proved. In the case at bar the referee found the account was not a running account, and, though the statute has no application, his finding as to the fact was correct. Mauro, though he was the attorney of Hall, was not employed under any general arrangement. These legal charges for suits and other matters have no connection with each other analogous to that between items of goods, for instance, furnished by a tradesman to his customer. See *Hale's Executors* v. *Ard's Executors*, 48 Pa. St. 24. The employment related to each case, and stood on the basis of a contract by itself ; while the evidence as to the course of dealing need not be discussed, since, if it were stronger, its

weight as evidence of facts is not here in question. This money, for which the defendant seeks to recover, was retained by Mauro, and its retention must be regarded as constituting a separate cause of action.

The judgment is affirmed. All the judges concur.