WILLIAM LOEFFEL, Appellant, *v.* CHARLES HOSS, Respondent.

November 15, 1881.

1. Two transactions, four years apart, for one of which no account was ever rendered, do not make out a case of mutual, open, and current account, or of reciprocal demands between the parties.
2. The indorsement of a credit on an account by one party without the privity of the other will not take the demand out of the statute of limitations.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

J. C. MORRIS, for the appellant.

ED. L. GOTTSCHALK, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This case was appealed from a justice of the peace, and tried anew in the Circuit Court. It is an action upon the following account: —

*Dr. Chas. Hoss to William Loeffel, Dr.*

1873.

| | | | | |
|---|---|---|---|---|
| Feb. 13. | 1 gold chain . . . . . . . . . . | $23 | 00 | |
| | 1 silver watch . . . . . . . . . | 25 | 00 | |
| 23. | 1 gold set . . . . . . . . . . . | 18 | 00 | |
| | | $66 | 00 | |
| | By cash . . . . . . . . . . | 26 | 00 | |
| | Balance . . . . . . . . . | | | $40 00 |

1877. *Counter Cr.*

| | | | |
|---|---|---|---|
| March. | By services by defendant for plaintiff in doctoring horse . . . . . . . . . | | 5 00 |
| | Balance due . . . . . . . . | | $35 00 |

All parties appearing in the Circuit Court, plaintiff introduced the following evidence :—

Mr. Loeffel testified : " I am the plaintiff. I sold the defendant at his request, on the thirteenth day of February, 1873, one gold chain for $23, and one silver watch for $25 ; and on February 23, 1873, one gold set for $18 ; amounting in all to $66, which he agreed to pay ; he paid $26. In March, 1877, at my request, the defendant performed services for me in doctoring my horse, which services I considered worth $5, and have given him credit. The balance due me is $35. I have not paid him for his services, and he has not paid me the balance due me, but promised often to pay me. I asked him to settle with me, and how much he charged me for doctoring my horse ; he said he could not tell then, because he had not his books of account with him."

Emil Giovanoni, the constable, testified : " I served the summons on the defendant, and he then told me that the plaintiff owed him $12 or $14 for doctoring his horse, and that he was going to settle with the plaintiff."

John Roscher, stable keeper, testified to the fact of the defendant's doctoring the plaintiff's horse in March, 1877.

This was all the plaintiff's evidence ; the defendant offered none, but depended on his instruction given, which was as follows : " The court declares the law to be, that the account sued on is barred by the statute of limitations, and, the evidence failing to show an agreement that the counterclaim be upon that account, the same does not take the account out of the statute."

The plaintiff offered the following instruction, which was refused : " If the jury believe from the evidence that, during the year 1873, the plaintiff sold and delivered to the defendant the goods in question, specified in plaintiff's account filed, at and for the price therein specified, and that defendant has not paid therefor, and that, in the year 1877, the defendant performed services for plaintiff in doctoring his

horse, and for which defendant has not been paid, and for which plaintiff has given him credit, then you will find for the plaintiff upon said claim for the amount due, less said credit." The court thereupon rendered judgment for the *defendant*. A motion for a new trial was made and overruled, and the plaintiff appeals.

It is obvious that the plaintiff's claim is barred by the statute of limitations. Rev. Stats., sect. 3230. If this were a case of mutual running accounts, the last item of which was a credit of $5 made in March, 1877, then the statute would not be a bar. *Penn* v. *Watson*, 20 Mo. 13. But if we attend to the language of the statute itself, it seems clear that it is not such an account. The statute provides : "In an action brought to recover a balance due on a mutual, open, and current account, where there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the last item in the account on the adverse side." Rev. Stats., sect. 3233. Two transactions, four years apart, for one of which a bill was never rendered, do not make out a case of " open and current account," or of " reciprocal demands between the parties." " The difference between a running account and one that does not run, is, that in the latter each item is a separate cause of action in itself; the minds of the parties are presumed to have concurred only as to the single transaction." *Ring* v. *Jamison*, 2 Mo. App. 584, 589; *s. c.* affirmed on this point, 66 Mo. 424, 428. See also *Green* v. *Caldcleugh*, 1 Dev. & B. 320; *Gold* v. *Whitcomb*. 14 Pick. 188; *Gulick* v. *Turnpike Co.*, 14 N. J. L. 545, 547.

Part payment will take a demand out of the statute of limitations. Rev. Stats., sect. 3250; *Bridgeton* v. *Jones*, 34 Mo. 471; *Callaway County Court* v. *Craig*, 35 Mo. 395; *s. c.* 12 Mo. 94; *Block* v. *Dorman*, 51 Mo. 31; *Vernon Co.* v. *Stewart*, 64 Mo. 408; *Shannon* v. *Austin*, 67 Mo. 485. But the indorsement of a credit on a note

without the privity of the maker will not have this effect.
*Phillipps* v. *Mahan*, 52 Mo. 197. The rule must equally
apply to the indorsement of a credit on an account without
the privity of the party who receives the credit; and that
was this case.

The judgment is therefore affirmed. Judge BAKEWELL
concurs; Judge LEWIS, absent.