CHARLES E. THOMPSON, Administrator, Appellant, v. JAMES S. BROWN, Respondent.

Kansas City Court of Appeals, May 30, 1892.

1. **Accounts:** MUTUALITY: ADVERSE SIDE: STATUTE. Under section 677, Revised Statutes, 1889, there can be no open, mutual current accounts based on reciprocal demands, where there is no adverse side to it.

2. ———: LIMITATIONS: LAST ITEM: TAKING OUT OF STATUTE. Where the account sued on is a running account kept open by agreement, express or implied, between the parties, constituting really one bill composed of separate items, morally connected one with another, so that it is clear that each separate item is not meant to constitute a new and independent contract, each new item draws the preceding item to itself.

3. ———: ———: ARGUMENT AS TO KEEPING ACCOUNTS OPEN. Whether there was an agreement, expressed or implied, to keep an account open, is a question for the jury, and in the absence of evidence there is no presumption that all the items of an account constitute one demand; it must be proved.

4. **Limitations:** ACCOUNT: MUTUAL INDEBTEDNESS. Mutual indebtedness, without something more, is not enough to withdraw an entire account without the operation of the statute of limitations where some of the items thereof are within its bar.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*W. H. Kennan* and *I. W. Boulware*, for appellant.

(1) The seventh instruction asked by the plaintiff, and refused by the court, should have been given to the jury. It stated a correct proposition of law, and, if the evidence established the facts, defendant's set-off should have been disallowed. *Bank v. Aull, Adm'r*, 80 Mo. 199; *Bailie v. Ins. Co.*, 73 Mo. 371. (2) The eighth instruction prayed by the plaintiff should have been given. The items in defendant's set-off which were contracted more than five years before the death of deceased were barred by the statute of limitations. 2 R. S., sec. 6775, p. 1590. Where an account only exists on one side and is composed of many items contracted and made at different times, the statute of limitations will run from date of each item, unless agreed and understood by both parties that the same is to be kept open and continued as one account. *Roylin v. Steamboat*, 40 Mo. 244; Angell on Limitations, 130-135, sec. 8; *Kimball v. Brown*, 7 Wend. 321; 5 John. C. R. 524. (3) The instruction, numbered 4, given on the part of defendant, was illegal and improper. It wholly disregards the statute of limitations pleaded

by the plaintiff, and was in direct conflict with instruction, numbered 2, given on behalf of the plaintiff. This instruction was calculated to confuse and mislead the jury. *Stone v. Hunt*, 94 Mo. 475. (4) Instruction, numbered 3, given on the part of defendant was wholly without evidence upon which to base the same. The same was calculated to mislead, and did mislead the jury. It assumed the truth of a controverted fact in issue. There is no evidence of any agreement or understanding as is assumed in said instruction. *Willis v. Stephens*, 24 Mo. App. 494; *Peck v. Richey*, 66 Mo. 114; *Wilkerson v. Thompson*, 82 Mo. 317; *Comer v. Taylor*, 82 Mo. 341; *Matthews v. Railroad*, 26 Mo. App. 75; *Mfg. Co. v. Ball*, 43 Mo. App. 504. (5) Instruction, numbered 4, given for defendant was illegal and improper. There was no evidence upon which to base it. The evidence showed no mutual indebtedness between the parties, such as a running account, and the court failed to instruct the jury as to what constituted "mutual accounts," or "running account." *Comer v. Taylor*, 82 Mo. 341; *Donnell v. Bank*, 80 Mo. 165; *Moffat v. Conklin*, 36 Mo. 453.

*Geo. Robertson*, for respondent.

(1) The seventh instruction asked by plaintiff, and refused by the court, is erroneous and should have been refused. The hypothetical facts were not based on the evidence, but if there was any such evidence it could only be a circumstance to be considered by the jury, and it did lie within the province of the court to tell the jury that such facts tended to prove that a settlement had been made. The court is asked to assume that defendant had made no charge for the matters called for in his set-off, than to say because he made no charge that, therefore, it is evidence that he made no

charge. This instruction is rank nonsense. (2) What little law there is in instruction, numbered 8, is covered by other instructions, given at plaintiff's request, particularly by number 2. The jury was instructed by number 3, on the part of defendant, that if these payments were made by defendant and expenditures made by him, and that they were intended as payments upon the note, or, under the arrangement between decedent and defendant, they should have been paid upon the note, then the jury should treat then as such payments from the time they were made. This instruction was based upon the evidence of Mr. Yohn and Mrs. Hoffman, both of whom stated that decedent told them that defendant was keeping his money for him and paid it back to him and expended it for him just as he called upon him for it, and that, whenever he wanted any money, he had only to call on defendant for it. The jury could have allowed credits to pay off the note under the evidence, then within the last five years found more than enough in defendant's set-off to pay the amount of the verdict allowed. Looking at the case from this view, it is immaterial whether defendant's instruction, numbered 4, be error or not, as the verdict could be as it is, regardless of the statute of limitations. Defendant's instruction, numbered 4, and plaintiff's, numbered 2, on the subject of the statute of limitations, are not in conflict, but when read together are in perfect harmony, and all the instructions read together are perfectly harmonious. The dealings of the parties with each other constituted mutual accounts, (Wood on Limitation of Actions, sec. 278), and the set-off of defendant constituted a running account. *Ring v. Jamison*, 66 Mo. 426.

SMITH, P. J.—The plaintiff brought suit against the defendant upon a promissory note made by him to

the deceased, dated July 10, 1883, for $475, due one day after date. There were five several credits thereon indorsed, the first of date May 1, 1886, and the last April 1, 1889.

The answer admitted the execution of the note, and then alleged "that defendant had for a long time prior to the execution of said note attended to all the business of Samuel Brown, paying money for him when necessary to do so, renting his farm and looking after it for him, for which the said Samuel Brown agreed to compensate defendant thereafter; that at the date of the execution of said note the said Samuel Brown had on hands the sum of money named in said note, to-wit, the sum of $475, and in order to have money to bear his necessary expenses he placed said sum of money in the hands of defendant, with the understanding and agreement that when he needed money thereafter it would be furnished him by the defendant, and said note was taken as a memorandum of the amount so received, and none of the claims the defendant then had against the said Samuel Brown were settled at the time said note was taken; that thereafter the defendant did furnish the said Samuel Brown money as he needed it, paid taxes for him, paid necessary expenses, accounts, etc., as will appear by defendant's offset hereinafter set forth; that some of the payments so made by defendant for Samuel Brown, and at his request, were credited and indorsed on said note, and others were not.

"Defendant, further answering, states that at the death of the said Samuel Brown he was indebted to him in the sum of $937.97 for services rendered, money paid out and expended for his use and benefit and at his special instance and request," etc.

The defendant pleads this amount of his said claim as an offset to the note sued on. The replication

interposed the plea of the five years' statute of limita-tions to the offset. There was a trial and judgment for the defendant for the sum of $129.15. The administrator appeals.

The court instructed the jury for plaintiff "that although they believed that the items stated in the defendant's set-off were correct as stated, yet all of those which accrued five years or more before the death of Samuel Brown, which were based on a separate agreement or contract, that is, not done under the same and continuing contract, are barred by the statutes of limitation."

For the defendant, the court told the jury that if they believed from the evidence in the case that the said Samuel Brown, deceased, and the defendant, James Brown, were mutually indebted, that is, each owing the other, then the plea of the statute of limitation set up by the plaintiff in his reply against all charges made by the defendant, within five years last past before the commencement of this suit, will be wholly disregarded by the jury, and the jury will disallow no items of the defendant's set-off on that account.

The statute, section 8160, provides that if any two or more persons are mutually indebted in any manner whatsoever, and one of them commence an action against the other, one debt may be set off against the other although such debts are of different natures. And this rule is applicable in suits brought by administrators, etc. Sec. 8162. It is further provided in section 6778, that in an action brought to recover a balance due on *a mutual, open and current account*, where there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of *the last item in the account on the adverse side*. It is, therefore, plain that from the very

terms of the statute itself that there can be no open, mutual, current accounts based on reciprocal demands where there is no "adverse side" to it. While the defendant's account is the proper subject of set-off under the statute it is not such open, mutual, current account, as the last item thereof will draw the whole account within the statutory time. The first item in the account accrued in 1878, and the last in 1890. The account consists of such items as attending court, drawing contracts, employing an attorney, boarding deceased and his horse, pasturing cow, making settlements with tenants of deceased, advancing cash for various purposes, furnishing timothy seed, and the like.

All these items are on one side of the account. There is no adverse side to it. The note sued on is not an item on the adverse side of the account. On its face, the account sued on is only an open account between the parties. It has but one side to it, and hence no balance or mutuality. Where the account sued on is a running account *kept open by agreement, express or implied*, between the parties, constituting really one bill composed of separate items, morally connected one with another, so that it is clear that each separate item is not meant to constitute a new and independent contract, each new item draws the preceding item to itself. *Ring v. Jameson*, 2 Mo. App. 584; s. |c., 66 Mo. 428; *Harrison v. Hall*, 8 Mo. App. 167; *Loeffel v. Hors*, 11 Mo. App. 133; *Raglan v. Steamboat*, 40 Mo. 244; *Vito Viti v. Dixon*, 12 Mo. 315; *Fulton Iron Works v. Smelting Co.*, 80 Mo. 265; *Finny v. Brant*, 19 Mo. 45. And whether there was an express or implied agreement of this kind between the parties is for the jury to say under proper instructions. In the absence of evidence there is no presumption that all the items of an account constitute one demand. This must be proved. The charges in the

account here have no connection with each other analogous to that between items of goods furnished by a tradesman to his customer. *Harrison v. Hall, supra; Hall's Ex'r Case*, 48 Pa. St. 24. There was no evidence of agreement that each item of the defendant's account was not to stand on a basis of a contract by itself—or that the services and money itemized in the account were furnished under a previous employment which related to the whole of defendant's demand. It would, under the evidence, have been proper enough to have left it to the jury to find under a proper instruction whether, from the facts which the evidence tended to prove, there was such an implied agreement between the parties. It is obvious that the plaintiff's instruction was substantially correct, and that of defendant was incorrect. The defendant's instruction informed the jury that, if the deceased and defendant were *mutually indebted*, the statute of limitations could not be invoked. This, as we have seen, was an erroneous declaration of the law.

"Mutual indebtedness," without something more, is not enough to withdraw an entire account without the operation of the statute of limitations, where some of the items thereof are within its bar. If an account, as is the case here, is a running one between the parties, and not the open, mutual and current account as defined by the statute, then the items within the statute can be drawn without it only by proving an express or implied general agreement or arrangement which extends to the whole account. The defendant's instruction was misleading. The jury had a right, under its direction, as no doubt they did, to believe that if the defendant was indebted to deceased by note, and the deceased was indebted to the former by an open account, that this was a *mutual indebtedness* which was sufficient to save

the defendant's whole account from the operation of the statute.

Besides this, it is subject to the further objection as being repugnant and contradictory in its enunciation to the instruction of the plaintiff. If the agreement as to advances of money alleged in the answer had been broad enough to comprehend all the varied items charged in the account, as it was not, then when proved it would have been sufficient to have made, in legal contemplation, all the items thereof one account, and would have had the operative effect to withdraw it in its entirety from within the operation of the statutory bar.

There is no evidence of the agreement mentioned in the defendant's third instruction, and for that reason it should not have been given.

It results that the judgment should be reversed and the cause remanded. All concur.