CHARLES H. MACKE, Respondent, v. LOWNDES H. DAVIS, Appellant.

**St. Louis Court of Appeals, March 26, 1895.**

1. **Instructions:** CONFORMITY TO THE PLEADINGS. Instructions must be drawn in conformity to the pleadings, and the evidence applicable thereto.

2. **Accounts:** DISTINCTION BETWEEN ACTION ON ACCOUNT STATED AND ON OPEN ACCOUNT. An action on an account stated is essentially different from one on an open account.

3. ———: ACCOUNT CURRENT: STATUTE OF LIMITATIONS. In order that there should be a running account for a number of items for work and materials, an express or implied agreement that the items should be furnished and paid for under one contract must be established. In the absence of any such evidence, the statute of limitations will not, as to the entire demand, run from the date of the last item.

*Appeal from the Cape Girardeau Circuit Court.*—HON. HENRY C. RILEY, Judge.

REVERSED AND REMANDED (*nisi*).

*J. W. Limbaugh* for appellant.

*W. H. Miller* for respondent.

BIGGS, J.—This is an action on an open account, in which the plaintiff claims in his petition that the defendant is indebted to him in the sum of $146.40 for various items of work done and materials furnished, commencing in May, 1885, and ending August 10, 1889. The suit was instituted in the circuit court on the twenty-fifth day of October, 1893.

The answer of the defendant is a general denial, and a plea of the statute of limitations. By way of

counterclaim it was alleged that, in 1893, the plaintiff presented to the defendant an account of $59.30 which he paid upon the representations of the plaintiff that it was due and unpaid, and that he had learned since that the account had been previously paid. Judgment was prayed for the amount.

Under the instructions of the court the jury returned a verdict in favor of the plaintiff for $122.85, for which, and costs of suit, a judgment was rendered. The defendant has appealed, and complains of the action of the court in giving and refusing instructions, and in also excluding evidence offered by him.

The chief matter of complaint in this court pertains to the instructions submitting the question of the statute of limitations. There was no pretense that the account was mutual, for the reasons that there were no reciprocal demands, and there were no payments alleged or proved. The evidence adduced by the plaintiff merely tended to show that at intervals during the years 1887 and 1888, and up to August 10, 1889, he did the work and furnished the materials mentioned in the account at the special instance and request of the defendant. No attempt was made to establish a special agreement that the account was to remain open, and that the various items should be furnished and paid for under one contract, and the circumstances were not such as to authorize the inference that such was the agreement. But the plaintiff's evidence did tend to show that on the first day of January, 1890, he presented the account to the defendant; that the defendant objected to one item only, and that he finally agreed to have the amount credited on a note held by his mother against the plaintiff. The defendant denied the debt in toto.

Under the foregoing proof the circuit court, at the instance of the plaintiff, instructed the jury as follows:

"The jury are instructed that if from the evidence they believe and find that, at any time within five years prior to the institution of this suit, the plaintiff presented to the defendant a statement of his account against him, and that the same was not objected to by him, but on the contrary was retained with a promise to credit him with the amount of said account, then in that event said claim nor no part thereof is barred by the statute of limitations." To the giving of this instruction the defendant at the time excepted, and he still excepts.

The defendant asked the court to give the following instruction, to wit: "The court instructs the jury that defendant has set up and pleaded the statute of limitations in bar of plaintiff's suit, and your finding should be for defendant on all items of plaintiff's account sued on herein, made before December 6, 1888." The court added the following to the instruction, to which the defendant objected and excepted, to wit: "Unless you believe from the evidence that a statement of the account sued was presented to the defendant, and he made no objection thereto."

The plaintiff's instruction, and that of the defendant as modified by the court, treated the action as brought on a "stated account," whereas the petition states clearly a cause of action upon an open account. Instructions must be drawn in conformity to the pleadings, and the evidence applicable thereto. This rule the court manifestly violated. The two actions are essentially different. They require different averments and different proofs. The cause of action which is stated in the petition was clearly barred, except as to the items accruing on and after December 6, 1888, and the court should have so instructed the jury. The argument to the contrary is without any weight. The account was not an account current within the meaning

of the statute (Revised Statutes of 1889, section 6778), for the reason that it lacked mutuality—there were no reciprocal demands. It could only become a running account in the eye of the law under evidence tending to show an express or implied agreement, that the items were to be furnished and paid for under one contract. *Harrison v. Hall,* 8 Mo. App. 167.

For the error in the instructions the judgment of the circuit court must be reversed and the cause remanded, unless the plaintiff will remit all of the judgment except $13.30. This amount is the aggregate of the items accruing on and subsequent to December 6, 1888. To this extent only can the recovery be upheld. If the *remittitur* is made within ten days after this opinion is filed, the judgment will be affirmed for that amount; otherwise it will be reversed, and the cause remanded. All the judges concur.