## COMMERCIAL ELECTRICAL SUPPLY COMPANY, Respondent, v. CHARLES F. KROELL et al., Defendants, FELIX T. MEYSENBERG, Appellant.

### St. Louis Court of Appeals, October 23, 1900.

1. **Account Stated: ACTION ON: OBJECTION, THAT NO ITEMIZED ACCOUNT WAS FILED.** The exception relied on for a reversal is without merit, as an action on an account stated is essentially different from an action on an open, current account.

2. ———: ———: **ACCOUNT STATED, NATURE OF.** A suit on an account stated proceeds upon the theory, that the parties have accounted together and agreed upon a balance due from one to the other, and that the party found to be the debtor has expressly, or impliedly promised to pay such balance. And the presumption is that all previous dealings between the parties relating to the subject-matter of the account, were adjusted.

3. ———: ———: ———: **FRAUD.** The items of the account embraced in the settlement are not open to inquiry under a general denial of the settlement. It can only be opened upon a proper answer, showing that the settlement was procured by fraud, or affected by mistake, prejudicial to the party answering.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*Robert L. McLaran, Jared W. Young* for appellant.

The sole point involved here is whether evidence can be

given in support of an"account stated" where the petition does not contain the items of the account.    The decision of this question involves the construction of sections 597 and 630, Revised Statutes 1899.    The closing paragraph of the former section states that, "in actions instituted upon an open account, or an account stated, where the items are set forth in or annexed to the petition, if the defendant has been personally servd by the delivery to him of a copy of said account, such action shall be triable at the return term, unless continued for cause, or if defendant makes default he shall be considered as admitting the account to be due as set forth in or annexed to the petition, and final judgment may be rendered against him for the amount thereof at the time of entering the default." It will be observed that two terms are here used—"open account" and "account stated," and that immediately following both terms are referred to under the general term "account."    By this statute where a persons sues on an account stated and fails to serve defendant with a copy of the items, no final judgment can be rendered against him by default, the plaintiff being compelled to sustain his petition by actual proof.    From this it follows that our code contemplates and provides for setting forth the items in an account stated. R. S. 1899, sec. 630; Neyland v. Neyland, 19 Tex. 423.

*William D. Hudson* for respondent.

In the case of McCormack v. Sawyer, 104 Mo. 36, the petition, which is set out in the report, is like plaintiff's petition herein, in that it contains no bill of items of the account sued upon, and yet the court, in its opinion, declared the petition to contain all the allegations essential to a good declaration upon an account stated at common law.    McCormack v. Sawyer, 104 Mo. 37.    The rule of procedure declared in section 630, Revised Statutes of 1899, shows on its face that it

applies only to actions on open account, because evidence as to the items of an account is not admissible in an action upon an account stated.   Respondent did not attempt to introduce evidence regarding the items of the account sued upon, and the above rule therefore had no application, and could not be invoked to sustain appellant's objection to evidence going to prove a stated account.   Since the account stated is a new promise, the items of which the original cause of action was composed can not be inquired into.   1 Am. and Eng. Ency. of Law (2 Ed.), p. 456, par. b; Union Bank v. Knapp, 5 Pick. (Mass.) 96; Hawley v. Harrow, 79 Wis. 379 and May v. Kloss, 44 Mo. 300.

BLAND, P. J.—The petition contains two counts; the first is bottomed on a promissory note; the second alleged, that "on or about the 1st day of December, 1898, an account was stated between plaintiff and defendants, and upon said statement it was found and agreed by and between plaintiff and defendants that there was due from defendants to plaintiff a balance of $678.49, which balance defendants then and there promised to pay, but had not paid," etc.   Kroell made default.   Meysenberg appeared, and for answer denied the second count generally, and plead payment to the first.   A trial was had before the court sitting as a jury.   Judgment was recovered by plaintiff on both counts.   Meysenberg appealed.

No declarations of law were asked or given.   On the trial plaintiff introduced evidence tending to prove the second count of the petition.   To this evidence defendant Meysenberg objected, on the ground that no itemized statement of the account was filed with, or contained in the second count of the petition.   The objection was overruled and an exception taken.   This exception is relied on for a reversal of the judgment.   There is no merit in the exception.   An action

on an account stated is essentially different from an action on an open account.    Macke v. Davis, 61 Mo. App. 524.    A petition on an account stated proceeds upon the theory that the parties have accounted together and agreed upon a balance due from one to the other, and that the party found to be the debtor has expressly or impliedly promised to pay the balance found against him (Koegel v. Givens, 79 Mo. 77 ; Marmon v. Waller, 53 Mo. App. 610) ; and the presumption is, that all previous dealings between the parties relating to the subject-matter of the account were adjusted.    Pickel v. St. Louis Chamber of Commerce Ass'n, 10 Mo. App. 191.    The items of the account embraced in the settlement are not open to inquiry under a general denial of the settlement.    This can only be done after evidence has been offered, under an appropriate pleading, showing that the settlement was procured by fraud, or that a mistake, prejudicial to the defendant, was made in the accounting.

The judgment is affirmed.    All concur.