CHAPMAN, Respondent, v. HOGG, Appellant.

St. Louis Court of Appeals, Argued February 2, 1909, Opinion filed February 23, 1909.

**STATUTE OF LIMITATIONS: Running Account.** Where a running account continued for a few months when dealings between the parties ceased, the Statute of Limitations began to run from the last item of the account, and such running was not prevented by the fact that some four yours later the creditor gave the debtor credit on the account, without the latter's consent, for some chattels purchased by him from the debtor at the time.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*David W. Hill* and *N. C. Whaley* for appellant.

Defendant's set-off being based upon a mutual, open and current account, embracing reciprocal demands between the parties, was not barred by the five-year Statute of Limitations, for the reason that the last item on the account was May 4, 1907, within five years of the time of filing the set-off. R. S. 1899, sec. 4278; Chadwick v. Chadwick, 115 Mo. 581; Gibson & Bro. v. Jenkins, 97 Mo. App. 27; Moore v. Renick, 95 Mo. App. 209; Beeler v. Finnel, 85 Mo. App. 438; Ring v. Jamison, 66 Mo. 424; Coal Co. v. Steamboat Colonia, 36 Mo. 447; Beck v. Haas, 31 Mo. App. 180; Carson & Brookes v. Steamboat Daniel Hillman, 16 Mo. 256; Steamboat Mary Blane v. Beehler, 12 Mo. 313.

*Lew R. Thomason* for respondent.

(1) More than four years had elapsed from the date of the last item in defendant's account before it occurred to defendant to credit the account with the amount of the hay he had bought of plaintiff and charge

plaintiff with the cash payment made thereon.   Such transaction does not constitute or make out a case of mutual, open or current account, or of reciprocal demands between the parties.   Loeffel v. Hoss, 11 Mo. App. 133.   (2)   That the endorsement of a credit on an account by one party without the privity of the other will not take the demand out of the Statute of Limitations is the settled law.   Beck v. Haas, 31 Mo. App. 183; Phillips v. Mahan, 50 Mo. 197; Goddard v. Williamson, 72 Mo. 131; Freeze v. Lockhard, 87 Mo. App. 103.

STATEMENT.—Action for contribution by plaintiff, respondent here, against defendant, appellant, who was cosurety on a note with respondent which note respondent paid.   Defendant's answer admits all the allegations of the petition, but, by way of set-off, or counterclaim, as it is called by counsel, demands judgment for $326.77 and costs.   This demand is founded on a long account, commencing January 4, 1892, and ending, so far as the account in suit is concerned, with two items, one, a credit item of $348.09, of date February 27, 1907, for a lot of hay; the other item of $200 cash paid by appellant to respondent on account of this hay and debited to respondent May 4, 1907.   The last item on the account, prior to the credit of February 27, 1907, is of date November 19, 1902.   It appears that the appellant was engaged in business at Poplar Bluff as a butcher until sometime along in 1902, when he also went into the livery and feed stable business. With the exception of this item of date November 19, 1902, all of the account prior to February 27, 1907, is made up of the ordinary items of account between a butcher and grocer and his customer, for meat and vegetables, except a few items charged as cash paid out to Chapman on various dates between the beginning of the account in January, 1892, and November 19, 1902.   An examination of the account shows that down to November 19, 1902, the debit side amounted to $556.56 and

the credit to $81.72, making a balance on November 19, 1902, of debit from Chapman to Hogg of $474.84. Taking in the transaction of February twenty-seventh and May 4, 1907, brought the debit down to $326.77, as before stated, which was the amount for which appellant filed his set-off or counterclaim. The action was commenced on the twentieth of December, 1907, and this answer setting up the counterclaim was filed January 6, 1908. By way of reply to the counterclaim or set-off, plaintiff below, respondent here, denied any indebtedness to the defendant in the sum claimed or on any other account and further pleaded the Statute of Limitations (R. S. 1899, sec. 4273) in bar. In addition to introducing the account in evidence, appellant himself testified and also produced several witnesses, the latter being men who had been employed at various times as bookkeepers and as collectors for the appellant. One of these, named Elkins, testified that he was a collector and at times had kept books for the appellant; that he had frequently demanded a settlement of the account from the respondent, who had always put him off with the statement "that he would see Mr. Hogg about it." This witness testified that the last time he presented the account to Mr. Chapman was in the summer of 1906, and that he had commenced dunning him for the account some five or six years before the trial. He testified that the portion of the account that had been made out or added to it since the summer of 1906, that is to say, the two items of February 27, 1907, crediting $348.09 on account of hay purchased from Chapman by Hogg, and the debit item of May fourth of $200 cash, were not in the account when he presented it to Chapman. Another witness, a Mr. Traudt, who had also been a bookkeeper for Hogg, testified that he had also presented the account to Mr. Chapman and demanded payment while he was in the employ of Mr. Hogg, but that he had left the employ of Mr. Hogg some five or six years before the date of trial, which

latter was in January, 1908. That would put it back to 1902 or 1903 as the time when this witness presented the account. The appellant himself testified that he had tried to get a settlement of the account out of Mr. Chapman several times, but that the last time he had made a serious attempt to get a settlement was in 1897, and he had then failed in his effort. On cross-examination appellant testified that this hay item represented that much hay which he had bought of Mr. Chapman and that he had paid a Mr. George, a son-in-law of Mr. Chapman, the $200 on account of this hay which he had bought from Chapman. On being recalled appellant, after testifying that the last time he had made a desperate effort to get a settlement out of Mr. Chapman was in 1897, and that that was the last hard effort he had made, then testified, on cross-examination as follows:

"By Mr. Thomason: Q. You never instituted any suit on this account, did you? A. No, sir, I did not, Mr. Thomason.

"Q. You waited until the suit was brought against you? A. I did.

"Q. Mr. Hogg, here is an item in this account of credit of $348.09 for 6,630 pounds of hay. State to the jury whether or not Mr. Chapman directed you to credit this account of yours with that hay. A. I can't say that he told me to credit the amount, no sir.

"Q. You paid him on that hay $200? A. Yes, sir.

"Q. Why were you paying him that $200 when you claim he was indebted to you over $700? A. I can very easily tell you, Mr. Thomason. In the first place, I am a very busy man, and have a great lot of matters to look after. I do not give my accounts my personal attention. And it was an oversight when I paid him this first $200 on this hay.

"Q. And when he sent for the balance of it you refused to pay it to Mr. George; told him ———. A. I had credited his account.

"Q. You refused to pay it A. Yes, sir.

"Q. It is after that conversation you credited it with the hay. You credited it upon your own responsibility without having asked Mr. Chapman about crediting it? A. I had it credited first, but I always turn anything I buy, stock or anything, I turn over to my bookkeeper.

"Q. You know whether or not Mr. Chapman directed you to credit the account with the hay? A. I don't think the account was mentioned.

"Q. You know it is a fact he did not so direct it? A. I don't remember the account was mentioned, I said, at that time."

This is substantially all the testimony bearing on the fact of respondent having any knowledge of the hay matter of 1907 being held up against his old account, closed in November, 1902.

At the close of the evidence the court instructed the jury that under the pleadings and evidence introduced in the case, the defendant could not recover on his counterclaim and that the verdict should be for the plaintiff. The jury accordingly returned a verdict for plaintiff, respondent here, in the sum of $1,150 and found for him upon the issue joined upon the appellant's counterclaim. A motion for new trial was filed, overruled, exception duly saved to the giving of the instruction and to the action of the court in overruling the motion for new trial and an appeal duly granted to this court.

REYNOLDS, P. J. (after stating the facts).—We are unable to distinguish this case in any of its phases from that of Loeffel v. Hoss, 11 Mo. App. 133. Commencing an account for an ordinary butcher's or marketman's bill in January, 1892, the transactions between appellant and respondent ran along until the

nineteeth of November, 1902. Counsel for appellant and respondent both set out in their statements filed in the case, that the last item in the account prior to the item of February 27, 1907, was September 20, 1902. They are not borne out in this by the account filed, for the last item contained in that account, so far as the date is concerned, consists of a charge of sixty cents for meat, charged November 19, 1902. The three items charging Chapman with livery rigs, July 17th, August 15th and September 20, 1902, were apparently entered on appellant's ledger 10, page 463, after the closing of the account November 19, 1902, for while dated in July, August and September, 1902, they were not entered until afterwards, and appear to be on pages 564 and 565, ledger 10, the latter page being that on which the entries of February twenty-seventh and May 4, 1907, were also entered, so that instead of the last item of charge in the account current being dated September 20, 1902, as stated by counsel, it appears in this account to be of date November 19, 1902. That is not very material and is only stated here to follow the record correctly, for whether the last item was September 19, 1902, or November 19, 1902, as this suit was instituted on the twentieth of December, 1907, the five-year statute had run and this counterclaim was not filed until January 6, 1908. As was true in the case of Loeffel v. Hoss, supra, there is no evidence whatever that there was any assent on the part of Chapman to carrying of the hay item into the account current between the parties, and the testimony shows affirmatively that no account, showing a debit and credit connected with the transaction of 1907, had ever been presented to the respondent, or that he ever knew that there was any claim made by the appellant that he had debited and credited that item on the old account. This appears by the testimony of appellant and his witnesses, for the former testifies that the last time he took up the account seriously with respondent was in 1897, and the

former show that the last time they presented the account to respondent was long before the hay transaction. The first notice that the respondent seems to have had of any intention to offset the hay purchase against the old account, was when he sent his son-in-law to collect the balance due on the hay bill from the appellant, when the appellant then first informed him that he had entered it up on the old account. Whereupon respondent appears to have at once commenced this suit. To repeat, under these facts, we see no possible way of distinguishing this case from that of Loeffel v. Hoss, supra, and the direction given by the court to the jury is sustained by the decision in that case.

The learned counsel for the appellant cites among many other cases, the case of Chadwick v. Chadwick, 115 Mo. 581, in support of his contention that the defendant's set-off, being based upon a mutual, open and current account, embracing reciprocal demands between the parties, was not barred by the five-year Statute of Limitations, for the reason that the last item on the account, May 4, 1907, was but a continuation of and an item in an open, running account, and that therefore the whole account is brought within the statute. The decisions in Chadwick v. Chadwick, supra, and in the other cases there cited, do not sustain this contention. In Chadwick v. Chadwick, our Supreme Court said at page 587, that the dealings between the parties continued with mutual debits and credits between them; that while one line of dealing with reference to certain cattle had ceased, yet that the proof was clear, that after that the plaintiff had continued to borrow money from the defendant; that sometimes he paid it back in a few days, but that it stands admitted that he still owes defendant something on account of different sums so borrowed, after the close of the cattle transactions between them, and that there is certainly evidence tending to show that the dealings

between the parties continued after they had discontinued as to the cattle business. That, however, is not this case. The account in evidence shows an absolute cessation of all dealings between the plaintiff and defendant between the nineteeth of November, 1902, and February 27, 1907. On the authority of the case of Loeffler v. Hoss, supra, therefore, we are compelled to affirm the judgment of the lower court in this case, which we accordingly do. All concur.