INHABITANTS OF BRIDGETON, Respondents, *v.* JOHN JONES *et al.*, Appellants.

<div style="float:right">34 471<br>31a 183</div>

*Limitations—Payments.*—Payment of portions of the principal or interest of a debt, made within the time of limitation, avoids the bar of the statute.

*Limitations—Evidence.*—Where the plaintiff seeks to avoid the bar of the statute of limitations by proof of payments within the time limited, it is not necessary that the evidence of such payments should be in writing.

*Appeal from Law Commissioner's Court.*

*W. H. Lackland,* for respondent.

*T. F. Risk,* for appellant.

BATES, Judge, delivered the opinion of the court.

This suit was begun on the 2d day of November, 1859, on a promissory note dated May 15, 1848, and payable one year after date with interest, on which were endorsed payments of interest for several years.

The defendant pleaded the statute of limitations of ten years, and denied the payment of interest.

At the trial evidence was given tending to prove the payment of interest; the testimony was indefinite as to the time of payment of the interest.

At the instance of the plaintiff the court instructed as follows:

"If the jury find from the evidence that payments of interest were made on said note by defendant within ten years next before the commencement of this suit, then said note is not limited by law and the plaintiffs are entitled to recover the amount of said note, together with the interest that may be due from the date of the last payment of interest on said note up to the present time."

On motion of the defendant, the court gave the following instruction:

"The jury, in order to take the case out of the statute of limitations and entitle the plaintiff to recover, must find from the testimony that the defendant has, within the last ten years before the commencement of this action, made his promise in writing to pay said note, or that he has actually paid some portion of the principal or interest thereon within the time aforesaid."

The court refused the following instructions asked by the defendant:

1. The endorsement or memorandum found made upon the note in writing, purporting to be a payment of interest thereon, will not take the case out of the statute of limitations unless signed by the defendant, or some one authorized thereto as his agent or attorney in fact.

2. No verbal statement or admission made by defendant within the last ten years before the commencement of this suit will take this case out of the statute of limitations; any such admission or promise must be in writing.

3. The proof that the memorandum in writing on the back of the note is the handwriting of Volney C. Musick,

is not sufficient proof of payment of interest by the defendant to take the case out of the statute of limitations.

There was judgment for plaintiff, and defendant appealed.

The instructions given seem to state the case fairly, and no objection is pointed out to them.

The court did not err in the other three instructions. As to the first, it was obviously improper to select a particular portion of the evidence, and say it alone did not establish a proposition to the establishment of which other portions of the evidence also tended. The second was also wrong. The fact of the payment of interest within a particular time was to be proved as any other fact, and it was not necessary that the evidence of it should be in writing.

The third called upon the court to declare the insufficiency of the proof which was matter for the jury.

Judgment affirmed; Judges Bay and Dryden concurring.