ALFRED L. SHORTRIDGE, Defendant in Error, *v.* LEMUEL G. PARDEE, Plaintiff in Error.

### June 6, 1876.

1. Where the debtor does not direct the application of a payment, the creditor may apply it as he thinks proper, provided such application is not inequitable. He is not bound to apply it in the way most beneficial to the debtor.

2. This application of payment may be made by the debtor at any time before suit, where the debtor made no application at the time of the payment.

ERROR to St. Louis Circuit Court.

*Affirmed.*

*W. F. Rogers,* for appellant, cited: Benny *v.* Rhodes, 18 Mo. 147; Droffin *v.* Booneville, 8 Mo. 395; Chaney *v.* Richardson, 34 Mo. 370; Heitz *v.* Cohen *et al.,* 29 Ill. 313; 1 Scam. (Ill.) 196; 36 Ala. 482; United States *v.* Kirkpatrick, 9 Wheat. 737; United States *v.* Wardell, 5 Mason, 82; Stamford Bank *v.* Benedict, 15 Conn. 437; Stone *v.* Seymore *et al.,* 15 Wend. 19; Briggs *v.* Williamson, 2 Vt. 283; New March *v.* Clay, 14 East, 239; Manyette *v.* White, 2 Stark. 101.

*L. Babcock,* for respondent.

BAKEWELL, J., delivered the opinion of the court.

This is a suit on a negotiable promissory note, dated June 8, 1872, payable to the order of plaintiff two years after date, for $500, with interest from date at 10 per cent. The note is signed by M. C. McMelan and the defendant.

The answer of defendant sets up that he signed the note for the accommodation of McMelan; that the note was executed

by McMelan as principal, and defendant as surety; and that, before the maturity of the note, the same was paid by McMelan, who, in August, 1873, paid to plaintiff $1,000, which was received by plaintiff on the understanding and agreement that he would apply that sum first to the payment of the note sued on, and then credit the remainder upon another note made by McMelan, secured by deed of trust, and owned by plaintiff.

Plaintiff filed a replication denying all these allegations of the answer.

There was a verdict and judgment for plaintiff, and, defendant having filed a motion for a new trial, which was overruled, the cause is brought here by writ of error.

On the trial it appeared that, at the date of the execution of the note sued on, plaintiff held two other notes made by McMelan, and both secured by deed of trust, one dated March 1, 1872, for $3,000, payable four years after date, with interest at 8 per cent., and one dated May 1, 1872, for $1,000, at three years, with interest at 10 per cent.; that Pardee signed the note sued on for the accommodation of McMelan, and that McMelan paid Pardee $1,000 on September 17, 1872.

McMelan swears that this money was paid on the terms set forth in the answer, but plaintiff, Shortridge, swears that there was nothing whatever agreed, at any time, as to the application of the payments, and nothing said about the matter at the date of the payment, and that he afterwards told McMelan that he should apply this payment of $1,000 as a credit on the $3,000 note. Defendant asked the court to instruct the jury that "if the jury believe from the evidence that prior to the execution of the note sued on, that McMelan had executed other notes to plaintiff, for the sum of $4,000, secured by deeds of trust, which have not matured, and that, after the execution of the note sued on, and before the maturity of same, the said McMelan paid plaintiff the sum of $1,000, it was the duty of plaintiff to apply so much

of said money as was necessary to the payment of said note sued on, unless the jury further believe that there was an express contract, at the time of said payment, that said money so paid should be applied to the payment of the notes secured by deeds of trust which have not yet matured."

Defendant also asked the following instruction :

" If the jury believe from the evidence that defendant, Pardee, signed the note sued upon as security, then said defendant was entitled to notice and protest, and unless the jury believe from the evidence that said note was protested for non-payment, or that the defendant, Pardee, waived the same, then plaintiff cannot recover, and the jury will find for defendant."

These instructions were refused, and the court gave the following instructions of its own motion :

" The court instructs the jury to find for the plaintiff, unless they believe from the evidence that, at the time of the payment of the sum of $1,000, it was agreed or understood between McMelan and the plaintiff that said sum was to be applied in extinguishment of the note sued on. The burden of establishing such an agreement or understanding rests on defendant.

" If the jury find for the plaintiff, they will return a verdict for the amount of the principal of said note, and interest at 10 per cent. per annum from June 8, 1872."

The general rule as to application of payment is that, where a debtor owing several debts makes payment to a creditor, the debtor has a right to apply it to whatever debt he pleases. If he makes no specific appropriation, the creditor may apply it as he pleases ; where neither party appropriates it, the law will apply it. The instructions asked by plaintiff in this case were manifestly erroneous, and were properly refused. The instruction given by the court was a correct statement of the law applicable to the case. There was evidence to support the verdict.

McMelan and Shortridge contradicted each other, and the jury believed Shortridge. *Quicquid solvitur, solvetur secun-*

*dum modum solventis* is the rule, but that rule had no application unless the jury believe that McMelan had, at the time of payment, directed to which note the money should go. The creditor here applied it to a note secured on real estate of the debtor rather than on the note that had no such security ; in this he is considered by law to have acted for the interest of the debtor.

He applied it on a note bearing 8 per cent. rather than on one bearing 10 per cent. ; in this he acted for his own interest. In our law a creditor receiving money is not bound, in the absence of instructions, to apply it in the way most beneficial to the debtor.

The principle laid down by Chief Justice Marshall, in *Field* v. *Holland*, 6 Cranch, 8, and approved by Chancellor Walworth, in *Stone* v. *Seymour*, 15 Wend. 29—that the debtor, by neglecting to direct the application of a partial payment, tacitly surrenders the right to the creditor, and enables him to apply the payment as he thinks proper, provided such application is not inequitable—is undoubtedly true.

It does not appear from the evidence precisely when the indefinite payment made was applied by the creditor, in the case at bar, to one particular demand. But this does not seem to be material. In England it is said that the creditor may make the application at any time, even after litigation, unless the debtor does so at the time of payment ; whilst in this country it has been held too late for the creditor to exercise the right of election after suit. In this case the money was paid in September, and McMelan was notified of its appropriation in the ensuing February. There is nothing whatever to show that the entry of credit was not made on the $3,000 note on the very day that the money was received.

We see no error in this record, and the judgment of the Circuit Court is affirmed, with the concurrence of all the judges.