SHANNON v. AUSTIN, *Plaintiff in Error.*

**Statute of Limitations**: PART PAYMENT of a debt after the bar of the statute of limitations has attached, has the effect of removing the bar and reviving the cause of action.

*Error to DeKalb Circuit Court.*—HON. JOSEPH P. GRUBB, Judge.

Suit commenced March 19th, 1875, on a promissory note dated June 15th, 1860, and payable one day after date. In 1871 and 1872, plaintiff employed defendant to break land and build a fence for him, for which plaintiff was to allow defendant a credit of $32. Plaintiff claimed that this credit was to be given, and was given on the note in suit. Defendant claimed that it was to be given on an account held against him by plaintiff in the capacity of guardian.

*Samuel G. Loring* for plaintiff in error.

*S. S. Brown* and *J. D. Strong* for defendant in error.

NAPTON, J.—The only question we are called on to decide in this case is the propriety of the action of the court in refusing the first instruction asked by the defendant. That instruction was, that "if the court finds from the evidence that ten years or more had elapsed since the maturity of the note sued on, before the alleged payment of

interest thereon was made, then that such payment had not the effect to revive the cause of action thereon as against defendant, and the finding will be for defendant." This instruction assumes that the payment was made on the note recited in the petition, and that it was of such a character as to imply an admission of the debt and a promise to pay what was yet due on it. Nor does the instruction seem designed to raise the question whether a suit under the circumstances stated must be brought on the implied promise which such payment creates, or on the original note. The court is simply asked to declare that the payment, and all that it implies, in order to have any effect in taking a case out of the limitation act, must be made before the bar of the statute has been consummated. The petition in this case sets out the facts upon which a judgment is asked; it recites the note of 1860, and the payments in 1871 and 1872. It may be regarded as a suit upon the original note, which the part payments in 1871 and 1872 impliedly revived. *Briscoe v. Stone*, 11 Ark. 39; *Carr's Admr. v. Hurlbut*, 41 Mo. 267. Part payments do not necessarily take a case out of the operation of the statute, for they may be accompanied with declarations which would destroy the implication usually arising from such acts, (*Wainman v. Kynman*, 1 Exch. R. 118). The only question, then, raised by the instruction is, whether a part payment, made after the bar of the statute is complete, will revive the debt. There is no question here as to the effect of acknowledgments or payments by one joint debtor upon his colleagues, as there was in *Craig v. Callaway Co. Court*, (12 Mo. 94). In that case stress seems to be laid upon the fact that the payment by the joint debtor was before the expiration of the statutory bar. In the case now under consideration, the payment was made by the sole debtor *after* the lapse of the ten years. Our statute, (§ 30, Wag. Stat., p. 921,) provides that " nothing contained in the two preceding sections shall alter, take away or lessen the effect of a payment of any principal or interest made by any

person whatever." It is an exact copy of the act of 9 Geo. IV, Ch. 14, commonly called the Tenterden act. The decisions in England on this act would govern the construction here, though I am not aware that there have been, on the point now presented, any conflicting decisions. The English cases seem to concede, or rather to assume that part payment within the statutory period (here ten years), before suit brought, will take the case out of the operation of the statute, whether before or after the lapse of ten years since the cause of action occurred. *Burn v. Bouton,* 2 C. B. 476, 15 Law J. C. P. 97; *Mills v. Fowkes,* 7 Sc. 444; 5 Bingh. N. C. 455; *Borden v. Peay,* 20 Ark. 293; *Inhab. of Bridgeton v. Jones,* 34 Mo. 471; *Emmons v. Overton,* 18 B. Mon. 643; *Carll v. Hart,* 15 Barb. (N. Y.) 565. Where the debtor is dead and the payment is made by his representative, or where the note or bond is a joint one, and payment is made by one, opinions are very conflicting in regard to the deceased obligor, or the joint obligor who has not paid anything. *McLaren v. McMartin,* 36 N. Y. 88; *Disborough v. Bidleman,* 1 Spencer (N. J.) 275.

The second instruction asked in this case was given. It was to the effect, that " unless the court finds from the evidence that the alleged work and labor was done by defendant in pursuance of an agreement between him and said Joseph Shannon, to the effect that the value of the same was to be credited on the note as part payment of and discharge of the interest thereon, and was so accepted by said Shannon, the finding will be for the defendant." This instruction was given, and there was ample evidence to support the finding of the court upon the questions of fact submitted. It is well settled that the particular account on which the money was paid may be proved by subsequent declarations or statements of the party making the payment, as well as by declarations accompanying the act of payment. If therefore, the fact of payment be proved, as was undisputed in this case, any subsequent

statement or declaration of the party may be given in evidence to show, either that the payment was of interest on a debt due, or part payment of principal, or that it was made in reduction of some particular debt proved or admitted to be due. *Waters v. Tomkins*, 2 C. M. & R. 726. The amount of credit due the witnesses was a matter for the consideration of the court that tried the case.

The judgment is affirmed. The other judges concur.

AFFIRMED.