CHRISTIAN BECK, Respondent, v. HERMAN HAAS, Appellant.

### St. Louis Court of Appeals, May 22, 1888.

1. STATUTE OF LIMITATIONS—APPROPRIATION OF PAYMENT.—When a creditor holds two demands against his debtor, one of which is barred by the statute of limitations, and the other not, and the debtor makes a payment in part, without indicating to which debt it is to be applied, the creditor may, at his option, apply it to the debt under limitation, so as to prevent the statutory bar.

2. PRACTICE—TRUSTEE OF EXPRESS TRUST.—The payee of a promissory note who is named therein as trustee for another, may maintain an action on such note in his own name, without regard to the question whether the beneficiary be living or otherwise.

APPEAL from the Jefferson Circuit Court, HON. JOHN L. THOMAS, Judge.

*Affirmed.*

WISLIZENUS & KLEINSCHMIDT, for the appellant: (1) Mere payment of money, within ten years, by the debtor to the creditor, does not take a note out of the statute of limitations; the payment, to have such effect, must have been made on the note. *Loeffel v. Harris,* 11 Mo. App. 135; *Phillips v. Mahan,* 52 Mo. 197. (2) Upon the death of a married woman the trust, as to any property held simply to her separate use, ceases— the trustee has no further title. *Roberts v. Moseley,* 51

Mo. 286; *Baker v. Nall,* 59 Mo. 265; *Liptrot v. Holmes,* 1 Ga. 390; *Steacy v. Rice,* 27 Pa. St. 81; *Comby v. McNichols,* 19 Ala. 750; *Aiken v. Smith,* 1 Sneed, 304; *Smith v. Thompson,* 2 Swan. 386; *Davis v. Rhodes,* 39 Miss. 155; *Peery v. Carnes,* 86 Mo. 656.

THOMAS & HORINE, for the respondent: (1) The payment of money by plaintiff to defendant on his indebtedness, without having given directions at the time of the payments how this should be credited, plaintiff had the right to apply them on the note in suit. *Goddard v. Williams, Adm'r,* 72 Mo. 131; *Carter v. Carter,* 44 Mo. 195. (2) Where a note made payable to a party—administrator, guardian, agent, or trustee of another, or sheriff of a certain county, without more—the party named as the payee has the right to collect, sue for or assign the note, the words administrator, guardian, agent, trustee, and sheriff being merely *descriptio personae. Powell v. Morrison,* 35 Mo. 244; *Draper v. Minor,* 36 Mo. 290; *Bradshaw v. Wills,* 38 Mo. 201; *Cook's Ex'r v. Holmes,* 29 Mo. 61; *Nicholay v. Futsche,* 40 Mo. 67; *Calloway v. Johnson,* 51 Mo. 33; *Agr. Works v. Heiser,* 51 Mo. 128; *Jeffries v. McLean,* 12 Mo. 538; *Smith, Adm'r, v. Monks,* 55 Mo. 106; *Brooks v. Mastin,* 69 Mo. 58; *Manufacturing Co. v. Montgomery,* 74 Mo. 101; *Rittenhouse, Adm'r, v. Ammerman,* 64 Mo. 197; *Webster v. Snitzer,* 15 Mo. App. 346; *Lachance v. Loeblin,* 15 Mo. App. 460. (3) Upon the death of a married woman the trust does not cease as to any personal property. The legal title remains in the trustee. *Slevin v. Brown,* 32 Mo. 176.

THOMPSON, J., delivered the opinion of the court.

This action is brought to recover on a promissory note for nine hundred dollars, given by the defendant and another to the plaintiff on the nineteenth of October, 1871, and payable one year after date. The note was barred by limitation at the time the action was commenced, unless it was taken out of the statute by

reason of certain part payments alleged to have been made by the defendant and endorsed by the plaintiff thereon. In respect of these part payments, the evidence showed that the defendant was indebted to the plaintiff upon this promissory note, upon another promissory note for the sum of three thousand dollars, and also by an open account for refreshments which the defendant had had at the plaintiff's place of entertainment. While the defendant was so indebted, the plaintiff and the defendant both passed into extremely necessitous circumstances. The plaintiff wrote the defendant many dunning letters, not referring to either of the notes or to the open account, and the defendant replied, sending him from time to time little remittances of five, seven, or ten dollars, as he could afford to, two of which were, without the knowledge or request of the defendant, endorsed by the plaintiff upon this note. On June 23, 1877, there was also a credit of fifty dollars on this note, endorsed by the plaintiff, and at the same time a credit of fifty dollars endorsed on the three thousand-dollar note by the plaintiff. The history of this credit, according to the testimony of the plaintiff, which, after the verdict, we are entitled to take as true, was that, at the date when it was made, the defendant had given the plaintiff a note of Anthony & Kuhn for one thousand dollars in general payment, with instructions not to compromise it for less than one hundred dollars; that the plaintiff compromised it for one hundred dollars, and received that amount for it, half of which, fifty dollars, he endorsed on this note, and the remainder on the other note. The testimony of the defendant was to the effect that the small items which from time to time he sent to the plaintiff were not intended as part payments upon the note in suit or any recognition of it, but that he regarded it as barred by limitation and as having ceased to be a liability, and that these items were sent as gifts to relieve the distress of an old friend who had befriended him in former times. The plaintiff, on the other hand, testified that he regarded them as payments.

The substantial question for decision is, whether these were part payments upon the note in suit such as took it out of the statute of limitations. Part payment will take a demand out of the statute of limitations. Rev. Stat., sec. 3250 ; *Bridgeton v. Jones*, 34 Mo. 471 ; *Lawrence Co. v. Dunkle*, 35 Mo. 395 ; *Callaway County Court v. Craig*, 12 Mo. 95 ; *Block v. Dorman*, 51 Mo. 31 ; *Vernon County v. Stewart*, 64 Mo. 408 ; *Shannon v. Austin*, 67 Mo. 485. But the mere endorsement of a credit on a note without the privity of the maker is not evidence of part payment for this purpose. *Phillips v. Mahan*, 52 Mo. 197 ; *Loewer v. Haug*, 20 Mo. App. 163 ; *Goddard v. Williamson*, 72 Mo. 131. The same principle has been applied to the endorsement of a credit on an account without the privity of the party who receives the credit. *Loeffel v. Hoss*, 11 Mo. App. 135. In this case there was a discrepancy between the evidence of the plaintiff and that of the defendant on the question whether these payments were intended as payments on the indebtedness of the defendant to the plaintiff, or whether they were intended as gifts or charitable contributions by the defendant to the plaintiff. This was a question of fact for the trier of the facts (*Minniece v. Jeter*, 65 Ala. 222), and it was resolved in this case in favor of the plaintiff by the finding of the court sitting as a jury.

The interesting question remains whether, in case there are several items of indebtedness having different periods of time to run and expiring by limitation at different times, and the debtor makes payments without specifying upon which item they are to be applied, the creditor can, by the mere act of applying them to a particular item without the privity of the debtor, take that item out of the statute of limitations. The theory on which part payment of a debt takes it out of the statute of limitations is, that it is a recognition by the debtor of the continued existence of the debt and of its obligatory character. Where one who owes to another several distinct items of debt makes general payments, without directing to which item the payment shall be applied,

there is, on principle, difficulty in saying that he intends by so doing to recognize the validity of a particular item which, but for such payments, would be barred by limitation. But it has been observed that the part of our statute of limitations which governs this question is an exact copy of Lord Tenterden's act (Stat. 9 Geo. IV, chap. 14). *Shannon v. Austin*, 67 Mo. 487. We should, therefore, regard the decisions of the English courts construing the statute in the particular now in question as very persuasive, if not conclusive authority. Those courts have held that, where a creditor has two several items against his debtor, one barred by the statute of limitations and the other not, and a part payment is made by the debtor without any express appropriation by him at the time of making it, as to which of the debts it is to apply to, the creditor is at liberty to appropriate the payment towards the satisfaction of that portion of the debt which the statute would bar. *Mills v. Fowkes*, 7 Scott, 444; s. c., 5 Bing. N. C. 455; 3 Jur. 406; *Williams v. Griffith*, 5 Mees. & W. 300. The weight of American authority seems also in favor of this view. Wood on Limitations, sec. 110. We, therefore, hold that when the defendant made to the plaintiff the payments which were endorsed upon this note, without directing to which item of indebtedness they were to be applied, he is to be taken as having authorized the plaintiff to apply them as would best subserve the plaintiff's interest.

Another question is this: The note sued on was made payable to the plaintiff as trustee for his wife, now deceased. It appeared from the evidence that the plaintiff's wife died in 1881, and that no letters of administration had ever been taken out upon her estate. It is, therefore, urged that the action is not well brought, but that it would be properly brought in the name of an administrator of Mrs. Beck, deceased. This point is clearly not well taken. In the first place, no defence other than the statute of limitations was pleaded. In

the second place, the plaintiff was the legal holder of this note, and whether he held it in a trust capacity or not is immaterial, so far as the rights of the defendant are concerned. As the holder of it, he is the trustee of an express trust, and the action is properly brought in his name under the statute. Rev. Stat., sec. 3463. With the application of the trust fund after he collects it, the defendant has nothing to do.

All the judges concurring, the judgment is affirmed.