BECK v. HAAS, *Appellant.*

Division Two, July 1, 1892.

</div>

1.  **Statute of Limitations:** PART PAYMENT.    Part payment credited on a note will take it out of the statute of limitations.

Beck v. Haas.

111  264
158  281
158  429
84a  489
111  264
88a  134
111  264
166   85
91a  451

2.  ——: APPLICATION OF PAYMENTS.  A creditor to whom money is paid by his debtor, without naming on what account to apply it, may apply half of the sum paid on each of two debts where neither debt is barred by the statute of limitations.

3.  Practice: TRUSTEE: PARTIES.  A person to whom a note is made payable as trustee for another may sue thereon in his own name after the death of the beneficiary where no administrator has been appointed.

*Appeal from Jefferson Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*Wislizenus & Kleinschmidt* for appellant

*Benj. J. Klene* for respondent.

(1)   There was evidence tending to prove that the payments were made on account of an indebtedness then due Beck from Haas, and the finding of the jury is conclusive.  *Ramsey v. Barnes*, 12 N. Y. Sup. 627; *Chidsley v. Powell*, 91 Mo. 622; *Beck v. Haas*, 31 Mo. App. 180.   (2)   Plaintiff had a right to apply payments, in the absence of defendant's direction, in such manner as he pleased, and to apply a portion of each payment to different debts.  *Shortridge v. Pardee*, 2 Mo. App. 363; *Middleton v. Frame*, 21 Mo. App. 412; *Waterman v. Younger*, 49 Mo. 413; *McCune v. Belt*, 47 Mo. 174.   (3)   The court's instruction presented the case fully to the jury, and more favorably to defendant than the law justifies.  *Ackley v. Railroad*, 30 Mo. App. 657; *Raysdon v. Trumbo*, 52 Mo. 35; *Bank v. Murdock*, 62 Mo. 70; *Skyles v. Bollman*, 85 Mo. 35.   (4)   There never was any trust relation between Mr. and Mrs. Beck with respect to the note in suit.  If there was plaintiff had a right, *jure mariti*, to terminate it, and did terminate it by the exercise of his common-

law right to take his wife's choses in action. *Bettes v. Magoon*, 85 Mo. 580; *Clark v. Clark*, 86 Mo. 116; *Botts v. Gooch*, 97 Mo. 91; *Holmes v. Holmes*, 4 Barb. 295; *Williams v. Courtney*, 77 Mo. 228. But, if a trust in this note was intended in favor of Mrs. Beck, plaintiff's common-law right attached before the passage of the law of 1875, and could not be disturbed by the passage of that law. Laws, 1875, p. 61; United States Constitution, art. 1, sec. 10; Missouri Constitution, art. 2, sec. 15; *Railroad v. St. Louis*, 66 Mo. 228; *Williams v. Courtney*, 77 Mo. 588.

MACFARLANE, J.—Suit was commenced August 15, 1889, upon a note for $3,000, dated April 1, 1866, made by defendant and one John Schreiber, and payable to Christian Beck, trustee of Anna Eliza Beck, one year after date. Upon the note credits were indorsed as follows: April 1, 1867, interest $300; April 1, 1868, interest $300; March 6, 1873, $50; June 28, 1877, $50; November 11, 1885, $5.

The answer admitted the execution of the note, denied the payments of March 6, 1873, June 28, 1877, and November 11, 1885; and set up the statute of limitations in bar. The answer further charged that Anna Eliza Beck was dead, and the note being payable to plaintiff as her trustee belonged solely to her estate, and suit thereon could not be maintained in the name of the trustee.

The reply was a general denial.

The evidence upon the trial showed that Anna Eliza Beck was the wife of Christian Beck; that she died in 1881, and no administration was ever taken out on her estate. The evidence further showed that $300 interest was paid on the note April 1, 1867, and April 1, 1868, and the payments indorsed as such credits thereon. In 1872 defendant and Schreiber gave

plaintiff their note for $900, being interest for the years 1869, 1870 and 1871, on the $3,000 note in suit.   At the same time Haas gave a second deed of trust to secure this $3,000 note upon certain real estate in Carondelet, subject to a prior deed of trust for $3,000, the property having cost Mr. Haas, as he testifies, over $6,000.   In 1872 Haas & Schreiber failed.   In 1873 Beck foreclosed the deed of trust above mentioned, buying the property subject to the first deed of trust for $50, which he credited on the $3,000 note.

The evidence tended to prove that in 1877 defendant gave plaintiff a note on a third person for $1,000, instructing him not to take less than $100 for it.   He received that sum and credited $50 on the note in suit, June 28, 1877, and $50 on the $900 note.   Plaintiff testified that these credits were made by defendant himself; this, defendant denied.   Defendant also owed plaintiff $100 or more on account.   Defendant remitted to plaintiff from November 10, 1885, to July, 1887, on several occasions, sums of from $3 to $10 each.   Plaintiff testified that these were sent in response to demands on account of these debts.   Defendant testified that they were intended as mere donations.   The letters accompanying the remittances gave no directions as to the application of the amount sent.   Ten dollars were sent by letter, dated November 10, 1885.   Five dollars of this were credited on the note in suit under date of November 11, 1885.

The verdict on the facts was for the plaintiff, and from a judgment therein defendant appealed.   The question is, whether the payments made and placed as credits upon the note in suit were sufficient to take it out of the statute of limitation.   The circuit court held that they were so, if made as payments.

I.   It is not disputed by the defendant that part payment of a demand will take it out of the statute of

limitation, and if $50 were paid on the note June 28, 1877, and $5 dollars November 11, 1885, the action was not barred when it was commenced.   Wood on Limitation, sec. 97, p. 221; Revised Statutes, sec. 6795; Shannon v. Austin, 67 Mo. 485; Beck v. Haas, 31 Mo. App; 183.

II.   It is admitted that the money to the amount indicated by the credits on the note was paid by defendant to plaintiff, but defendant denies that he intended that it should be applied as payments on the notes.

The rule in reference to the appropriation of payments is well settled in this state.   When a creditor holds several claims against his debtor, the latter, on making a payment, has the right to direct upon which debt it shall be credited; if he gives no direction, then the creditor, on receiving the payment, can make the application; if neither the debtor directs, nor the creditor applies, the payment, then the law will apply it to the debt which first matures, unless justice and equity demand a different appropriation.   Gantner v. Kemper, 58 Mo. 570; Waterman v. Younger, 49 Mo. 415; McCune v. Belt, 45 Mo. 181; Wood on Limitation, sec. 110, p. 238.

There is no dispute about the payments made April 1, 1867, and April 1, 1868, of $300 each.   These payments were properly credited on the note.   As to the application of the credit of $50, dated June 28, 1877, the evidence is conflicting.   Defendant testified that he directed the $100 collected to be paid on the $900 note, while plaintiff testified that defendant directed him to "credit it on both notes."   His recollection was that defendant himself indorsed the credit on the note.

As to the credit of $5 November 11, 1885, the evidence shows that defendant transmitted to plaintiff $10 in a letter, in which he says:   "Inclosed I send you the promised $10, I am sorry I cannot make it more."

Plaintiff testified that this and other small remittances were made in answer to requests of payment on these notes. Defendant testified that these payments were not intended to apply on any indebtedness, "did not expect a credit on the note; just wanted to help him out." This evidence was ample to support the verdict of the jury that the $50 credit was placed upon the note by the direction of defendant, and that the $10 remittance was intended as a payment on existing indebtedness.

The court instructed the jury that they should find those facts, or the note was barred by the statute of limitation. The instruction of the court on this question was full and fairly presented the theories of both the parties.

III. It is insisted that though plaintiff had the right to appropriate the $10 payment as a credit upon either note, in the absence of instructions from the defendant to the contrary, he had no right to divide the payment and credit, a part on one note and a part on the other as was done.

In support of this contention two cases from the supreme court of Vermont are cited, *Ayer v. Hawkins*, 19 Vt. 30, and *Wheeler v. House*, 27 Vt. 735. In these cases the court argues "that the right of designation among the creditors' demands is essentially the right of the debtor; and, hence, if he silently waives it in favor of the creditor, it should be intended that he does so relying upon a mode of application to which he could not justly or reasonably object." That the debtor could reasonably object to any appropriation of the payment which would revive his legal liability upon more than one debt, and such appropriation could not be made.

The rule, as generally understood in this state, allows the creditor to appropriate the payment in the

manner most to his own interest when the debtor himself waives the right, provided that the application he makes does not operate inequitably to the debtor. He is not required to consult the interest of the debtor. See authorities cited *supra; Shortridge v. Pardee*, 2 Mo. App. 363; 18 American & English Encyclopedia of Law, 239, note 2.

We are able to see nothing more inequitable in stopping the running of the statute of limitation upon two debts than upon one only, neither being barred at the time the payment is made. If these payments had resulted in reviving debts already barred the effect might have been different, though it is difficult to see that any equities of the debtor are affected in either case. *Johnson v. Johnson*, 81 Mo. 335.

But whatever the correct rule in such case may be, the note in suit was the older of the two held by plaintiff, and, if no designation had been made by either the debtor or creditor, the law would have applied the whole payment as a credit upon this note under the rule before stated. The legal effect on the running of the statute would have been the same, and defendant can have no just ground of complaint.

IV. Complaint is made of the refusal by the court of the entire series of instructions prayed by defendant. Most of these instructions were inconsistent with the law as herein declared, and were properly refused. The court gave to the jury one plain, consistent and intelligible instruction, covering every phase of law and fact in the case and including every proper request made by defendant. Indeed, the instruction is more favorable to defendant than he had the right to demand. In such case there was no error in refusing those asked.

V. Objection is made, that the note being payable to plaintiff, as trustee for his wife, and the

wife being dead, the suit could only be prosecuted in the name of her executor or administrator. This contention cannot be maintained. Our statute authorizes the trustee of an express trust to sue in his own name. Revised Statutes, 1889, sec. 1991. "A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."

Such is the definition of the statute, and plaintiff clearly comes within its terms. No administrator of the deceased wife has been appointed, and defendant has nothing to do with the application of the trust fund after the trustee has collected it. *Beck v. Haas*, 31 Mo. App. 183.

Judgment affirmed. All concur.