## FARGO *et al.* v. JENNINGS.

J., who owed the firm of F. & F. over $100 on account, and in the same capacity $175 evidences by his past-due, unsecured, promissory note, having paid $100 without manifesting any desire or preference as to which of the claims the money should be applied, it is *held*, in an action upon the promissory note, that said creditors had the right to use the money to exsinguish the account, and that the debtor has no legal cause to complain.

(Syllabus by the Court. Opinion filed Dec. 21, 1895.)

Appeal from circuit court, Fall River county. Hon. WILLIAM GARDNER, Judge.

Action on a promissory note. From the judgment reducing plaintiffs' claim, plaintiffs appeal. Reversed.

The facts are stated in the opinion.

*G. M. Cleveland,* for appellants.

A creditor to whom a payment of money is made by a debtor may credit the payment on either an account or note as he may choose—nothing being said as to how it should be applied. Blair v. Hillis, 41 N. W. 6; Whiting v. Eichelberger, 16 Ia. 422; Firsh v. Roberts, 49 N. W. 722; Munson v. Plummer, 7 *Id.* 95; 18 Am. & Eng. Ency. Law 237; Shortridge v. Pardee, 2 Mo.

App. 363; Niagara v. Rosevel, 9 Cow. 409; Willis v. McIntyre, 70 Tex. 34.

*E. D. Norton* (*Albert R. Anderson* of counsel), for respondent.

A creditor should communicate the application of a payment to a debtor within a reasonable time. Seymour v. Marion, 11 Barb. 80; Allen v. Culver, 3 Den. 284; Dulles v. DeForest, 19 Conn. 190.

FULLER, J. This action upon a promissory note was tried to the court without a jury. As a partial defense it was averred in the answer that the defendant paid plaintiffs $100 on the 4th day of October, 1890, to be applied upon said note, and it was admitted that the balance thereof was still due and unpaid. The facts as found by the court are, in substance, as follows: On the 4th day of October, 1890, defendant was indebted to plaintiffs something over $100 on account, and at the same time they were the owners and holders of his past-due, unsecured, promissory note for $175, bearing interest at 12 per cent per annum from December 17, 1886, no part of which had ever been paid. On the date first abve mentioned, the defendant, paid $100 upon his indebtedness to plaintiffs, without any intimation as to whether the same should be applied on the account or indorsed on the note. Plaintiff's immediately credited the entire payment upon the overdue book account, and addressed and mailed a letter to the defendant notifying him of that fact. This letter appears not to have been received. As a conclusion of law upon the foregoing facts, the court found that the defendant was entitled to have the payment of $100 credited upon the note as of the date when paid, thus reducing the claim of plaintiffs from $308.06 to $199.85. From a judgment for the amount last above named in plaintiffs' favor, and against the defendant, plaintiffs appeal.

· Where, for the purpose of liquidation, money is paid by a debtor to one who owns and in the same capacity holds two or more past-due claims of similar character against him, without

even expressing any desire or preference as to what obligation the same shall be applied, the creditor may apply the same to either, under subdivision 2 of section 3457 of the Compiled Laws. In the absence of any previous suggestion, under the statutory and common-law rule, defendant's silence and failure to direct the application of the $100, when paid, authorized plaintiffs to credit the same on the account, which was done, and his objection, for the first time, when suit is instituted to recover the amount of the note and interest, comes too late to be serviceable. Whiting v. Eichelberger, 16 Iowa, 422; Bank v. Roberts (N. D.) 49 N. W. 722; Munson v. Plummer (Iowa) 7 N. W. 95; Shortridge v. Pardee, 2 Mo. App. 363; 18 Am. & Eng. Enc. Law, 237, and numerous cases cited in support of the text. No one appears to have been injured by the application made under and authorized by the statute. Respondent paid $100 upon what he owed to appellants, and received credit for the full amount thereof. The judgment is reversed, and the case remanded for further proceedings not inconsistent with this opinion.