Bopp v. Wittich.

---

PETER C. BOPP, Plaintiff in Error, v. AUGUSTA WITTICH et al., Defendants in Error.

**St. Louis Court of Appeals, March 26, 1901.**

1. **Debtor and Creditor: PAYMENT: APPLICATION.** Plaintiff having made application of certain payments, of which defendants had written notice and did not object to, but acquiesced in, could not thereafter make a new application of any portion of such payments without the consent of defendants.

Vol 88 app—9

Bopp v. Wittich.

Error to the St. Louis County Circuit Court:—*Hon. Rudolph Hirzel,* Judge.

Affirmed.

### STATEMENT OF THE CASE.

Plaintiff seeks to enforce a mechanics' lien for $150, the balance claimed to be due for building a dwelling house for defendants. The suit was begun before a justice; taken by appeal to the circuit court, where it was submitted to the judge for decision, with a request to state his findings of fact and law separately and in writing. This was done. The findings of fact made by the trial judge were incorporated in his judgment for defendants.

The substance of the facts recited in the judgment of the lower court, show that plaintiff made two contracts with defendants for the construction of a dwelling house and a barn on the same acre of land. The first contract was entered into between the parties December 7, 1898, and provided for the construction of a dwelling house for the consideration of $1,756.50, payments to be made thereon to-wit: $450 when the first floor is laid, $600 when the roof is on, and $350 when the plastering is done and $356.50 when the house is completed. The second contract between the parties was made in February, 1899, and provided for the construction of a barn for the sum of $335, to be paid as follows: $200 when the roof is on, and $135 when the barn is finished.

Plaintiff began work on both buildings after the signing of the respective contracts, working upon both simultaneously until their completion. From time to time the defendants paid the plaintiff, as part payment on these respective contracts, sums of money as follows: January 23, 1899, $450;

February 21, 1899, $600; April 11, 1899, $300; May 4, 1899, $500, giving no directions as to the application of any of these payments. The dwelling house was turned over to the defendants as complete in May, 1899, when they moved into the house and have occupied it as their residence ever since.

On June 27, 1899, while defendants were living in the house, plaintiff made and delivered to them a statement of his account, in which he applied all the payments theretofore made on the house, showing an overpayment on the house account by $49.25. This overpayment was shown by said statement to have been applied on the contract price for building the barn, and left a balance due on the barn of $285.75. Plaintiff also wrote at the bottom of this statement of account the following: "You will notice that I have given you credit on house, your balance being on barn." Two days thereafter, plaintiff filed in the office of the circuit clerk a lien against the barn, claiming a balance of $285.75, to be due on the contract price therefor. On August 11, 1899, plaintiff filed in the office of the circuit clerk a notice of his intention to bring suit before a justice on said account against the barn, and on August 12, did institute such action, but instead of claiming therein the amount of his aforesaid lien account, asked judgment for only $135. About the same time, plaintiff brought an action to establish a mechanics' lien against the dwelling house of defendants, claiming $150 to be still due for the construction thereof. Plaintiff gave color to the correctness of these two lien suits by making a change in the application of the payments made by defendants, so as to apply $200 as a credit on the barn account, instead of $49.25, and making a consequent deduction from the payments previously applied by him on the dwelling house account. It appeared that plaintiff was induced to make this change in his statement of account against defendants after a consultation with his attorney and

upon the discovery that, at the time defendants made the afore-
said payment of $300 on April 11, 1899, the installment of
the contract price payable on the construction of the dwelling
house, after the completion of the plastering thereon, was not
due, since at that date the plastering had not been finished;
whereas, a $200 payment was then due on the barn contract.
Plaintiff, however, gave the defendants no notice of this dis-
covery and of his intention to reapply the payments differently
than he had done by his statement of account submitted to the
defendants on June 27, 1899, while they were occupying the
dwelling house which he had turned over to them as completed.
All the notice which defendants acquired of this subject, was
the filing of his subsequent suit for a mechanics' lien against
their dwelling house.

There was no evidence of an *express* agreement on the
part of defendants to the application of the payments made
by them on their respective contracts, as shown by the written
statement, handed them by plaintiff on June 27, 1899.   Upon
these facts the trial court held that the plaintiff, having made
his election to apply payments made to him, as shown by his
written statement to defendants, so as to satisfy his demands
on the house account, and having delivered over the same to
the defendants for occupancy as completed and fully paid for,
could not thereafter, without their consent (of which there was
no evidence), reapply such payments so as to create a right
to establish a mechanics' lien against the dwelling house.

*Wolfsburger & Higginbotham* and *O. J. Mudd* for plain-
tiff in error.

Payments once properly applied may not be reapplied,
but this rule obtains only where the first application is lawful
and proper.   It does not estop the creditor to correct er-

roneous applications, the result of mere misapprehension or honest mistake of facts.    2 Am. and Eng. Ency of Law (2 Ed.), p. 471; McMaster v. Merrick, 41 Mich. 505; Cloney v. Richardson, 34 Mo. 370; 2 Parsons on Contracts (8 Ed.), 745, star p. 631; 2 Wharton Cont., p. 292, sec. 931; 2 Am. and Eng. Ency. of Law (2 Ed.), pp. 439-441; Munger on Applications of Payments, pp. 45, 48; 1 Am. Leading Cases (5 Ed.), Hare v. Wallace, l. c., star p. 275, top p. 338, star p. 277, top p. 340.

*Henry M. Post* for defendants in error.

(1)    The debtor not having directed the application of the payments, the creditor had the unquestionable right to make the application.    Gantner v. Kemper, 58 Mo. 567; Maguire v. Filley, 9 App. 586; Beck v. Haas, 111 Mo. 264; Shortridge v. Pardee, 2 Mo. App. 363; Waterman v. Younger, 49 Mo. 413.    (2)    But plaintiff in error having once made the application, and having notified the defendants of such application, could not afterwards change it because such change might be for the plaintiff's advantage.    McCune v. Belt, 45 Mo. 181; 2 Am. and Eng. Ency. of Law, 471.

BOND, J.—The only question presented for review in this case is the correctness of the rulings of the court upon the finding of facts incorporated in its judgment.    Land Co. v. Bretz, 125 Mo. loc. cit. 423, and cases cited.    The rule as to the application of payments is thus announced by the Supreme Court, viz.: "In the absence of any directions to the contrary, by the debtor who owes his creditor more than one valid and subsisting debt, the creditor has the right to apply any payment made to him by the debtor on either of the debts that he may choose."    Coney v. Laird, 153 Mo. loc. cit. 431, citing

111 Mo. 264. · In the exercise of this privilege it is, however, the duty of the creditor to apply payments made to him to the satisfaction of claims against the debtor which have matured, rather than to those which have not become due.      Cloney v. Richardson, 34 Mo. 370.   A creditor who has once made an application of payments, received without designation, can not afterwards change the same, without the consent of the debtor, simply to serve his own interests.   McCune' v. Belt, 45 Mo. 181.

The theory which underlies this rule is, that payments made without direction on the part of the debtor, shall be applied to the extinguishment of demands against him in the manner in which justice and equity would prescribe and, therefore, according to his presumed intention.   As the debtor would have the clear right, in the first instance, to apply payments made to his creditor to mature or immature obligations, it follows that if the special facts and circumstances of the case show that a payment, made without instruction as to its application, has, nevertheless, been applied by the creditor to an indebtedness not yet due and that this fact has been communicated to the debtor and acquiesced in by him, no new application can be made by the creditor without the consent of the debtor.

The special findings of the trial judge, in this case, show that positive written information was given to the defendants of the application of the payments previously made by them to the plaintiff to the full extinguishment of the contract price for building the dwelling house, and that this notice was given to them while they were in possession and use of the dwelling house as a completed structure.   They manifested no objection to this application of payments, made by the plaintiff.   At the time they received this written notice, all the payments for the construction of the house, according to the provisions of the contract therefor, had become due, since the house had then been

· turned over to them as completed and ready for occupancy and they had actually begun to occupy the same. It follows, then, whether plaintiff's previous application of one of the payments (April 11, 1899, $300), was by mistake made to an install-ment of the contract price of the house not then due, because the plastering was not then completed, still at the time of his written notice to defendants, the plastering in question and the house itself had been completely finished and he, therefore, was entitled (at the date of his notice to the defendants), to make such application as he chose of the payments theretofore made by them. The result is, that whether it be taken from the findings of the trial court that the plaintiff applied the said $300 payment on the house account before the installment to which it was supposed to be apportionable had become due, or whether his subsequent written notice to the defendants amounted to an application of all payments at the date of such notice; in either event he could not thereafter make a new application of any portion of such payments without the consent of the defendants, whose conduct afforded evidence of their as-sent and acquiescence in the mode previously adopted by him.

The judgment is affirmed. All concur.