REINHARD, Respondent, v. FLUCKIGER, Appellant.

St. Louis Court of Appeals, May 8, 1906.

LIMITATIONS: Payments. In an action on two promissory notes the defense was the Statute of Limitations which the plaintiff sought to overcome by credits on the notes. The evidence showed that the defendant had an open account against the plaintiff, the amount of which was disputed by the plaintiff and it was agreed that the amount due should be credited on the notes. There was never an agreement as to the exact amount due. *Held,* this did not amount to a payment which would stop the running of the Statute of Limitations.

Appeal from Franklin Circuit Court.—*Hon. R. S. Ryors, Judge.*

REVERSED.

*Jesse H. Schaper* for appellant.

*O. E. Meyersieck* for respondent.

GOODE, J.—On April 26, 1889, appellant executed and delivered to respondent a promissory note for $50, due one day after date, drawing interest at the rate of eight per cent per annum, compounded if not paid annually. On March 9, 1891, appellant executed to Reinhard Brothers a promissory note for $85.96, due one day after date and drawing interest at the rate of six per cent per annum, compounded if not paid annually. The latter note was indorsed and delivered by the payees, Reinhard Brothers, to respondent. This action on the two notes was instituted before a justice of the peace on April 11, 1905, and afterwards proceeded by appeal to

119 App.—30

the circuit court. No answer was filed, but the defenses insisted on were that the first note had been paid and the second one was barred by the Statute of Limitations; or, if the first one had not been paid, that both were barred. Respondent contends that the first note never was paid in full and credits are relied on to overcome the Statute of Limitations. The balance demanded as due on the first note was $30 and on the second one $45, the statement filed with the justice averring that appellant was entitled to a credit of $60 on each of the notes for work and labor he had done for respondent during the last ten years. The firm of Reinhard Brothers was in the mercantile business at Union, in Franklin county, and appellant was a customer of the firm. The second note was given in settlement of a merchandise account he owed the firm; and the first one was given for cash advanced by respondent. In 1896, while the notes were still unpaid, respondent engaged appellant to build an addition to his residence. Appellant made out an estimate of the improvement respondent desired to construct, showing a probable cost of $225 and, as the plan was acceptable, appellant was engaged to do the work. He subsequently, under date of August 20, 1896, rendered an itemized bill for the work and material, showing debits against respondent amounting to $238.80 and credits amounting to $36, leaving a balance of $202.80. Respondent swore he was entitled to four other credits amounting to $58.20, so that according to his version the balance owing appellant for work amounted to $144.60. He made a minute of these four extra credits on the account appellant rendered, but said nothing to appellant about them, and there is no proof that the latter had assented to or heard of them prior to the trial of this action. Respondent's testimony is that appellant directed him to credit the two notes with the amount of the balance shown in the account for work and material rendered by appellant; that is, $202.80, but

no direction was given regarding the proportions in which the balance should be applied as credits on the notes. Appellant's testimony is that he directed the balance to be applied in payment of the first note, not knowing at the time, nor for long afterwards, that respondent owed the second note which had been given to Reinhard Brothers. He testified further that the remainder due him on the work after paying the first note, was to be applied on an open account he owed the firm of Reinhard Brothers for merchandise. Appellant did other work for respondent afterwards; put a stone over a cistern and built a wall and foundation for him. Bills were sent to respondent for these services, but never paid. However, appellant did not set up a counterclaim for them and, though mentioned, they were not insisted on as material to the present action. Respondent testified that after the work on the house was completed, appellant said he would come down to the store some time and figure the notes and the credits could be made on them. This was in 1896. Appellant testified that he told respondent to turn over the note for $50 to him and to credit the balance due appellant on the store account. No credits were entered on the notes; but in his statement of a cause of action filed with the magistrate, respondent conceded, as said, a credit of $60 on each of them. Appellant asked the court to direct a verdict for him.

As debtor appellant might have directed how any payment he made should be applied. According to respondent the only direction given was, that the balance owing to appellant for labor and material done and furnished in building the addition to respondent's residence, should be credited on the two notes. In disposing of the appeal we shall accept that version of the occurrence as the true one, although appellant testified differently. In the absence of a request by appellant to the contrary, and if there had been no disagreement as to the amount,

respondent had the right to apply the balance he owed appellant on the two notes and thereby stop the running of the Statute of Limitations against both. [Beck v. Haas, 111 Mo. 264.] It seems that in this State a creditor is allowed, under such circumstances, to make the application at any time before suing on the notes. [Shortridge v. Pardee, 2 Mo. App. 363; Poulson v. Collier, 18 Mo. App. 583.] Perhaps the rule would be different if no application was made until one of the debts was barred. In this case if an application was attempted, it was after the statute had run. Neither had there ever been a payment made on the notes in any true sense. Appellant submitted an itemized statement of what he claimed respondent owed him for labor and materials. The statement contained debits and credits, showing a balance due of $202.80. Respondent looked it over and thought he was entitled to four more credits which would reduce his liability to $144.60. The subject never was discussed between the parties and hence no agreement was reached as to what the credit should be. In fact, all respondent swore was that appellant directed the amount claimed by the latter to be credited; and certainly if respondent disputed this amount, he had no authority to enter credits for a less sum without bringing the matter to appellant's attention and coming to an understanding about it. Now, no credits were given, nor was it asserted that there were. Respondent swore:

"Q. And in order to keep the notes alive you accounted for this bill on the notes? A. That was our agreement.

"Q. But there is nothing on these notes of any credit at all? A. No, sir.

"Q. Now then, when did you go through that operation in your mind whereby you credited or put credits on these notes? A. I did not put them there.

"Q. There is no evidence of any physical marks;

when did you think you did that? A. I don't think I did; I knew it belonged on there.

"Q. How did it belong on there—here is a bill for $238.80; here is a note for $50 and here is a note for $85; how did you divide the credits? A. Credited it on both notes.

"Q. What did you do? A. *I didn't do anything; because the bill was not right.*"

In his complaint respondent did not allow credits for $144.60, the amount he conceded to be due appellant, nor for $202.80, which the latter claimed, but only for $60 on each note, or $120. It thus appears conclusively that not only had no credit been given before the suit was brought; but that none could have been, because no payment had been made; the minds of the parties not having met regarding the amount respondent owed appellant and which should be taken as a payment on the notes. To concede respondent's contention would be to allow him arbitrarily to fix, not only the application of the payment, but its amount. The Statute of Limitations had run against the notes before the action was brought and the judgment will be reversed. All concur.